IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ANDREW BOHAN, individually and on
behalf of all others similarly situated,
836 Gilly Avenue
Bethlehem, PA 18015

                Plaintiff,

  v.

DRAEGER, INC. d/b/a DRAEGER MEDICAL
SYSTEMS, INC.
3135 Quarry Road
Telford, PA 18969

                Defendant.

Civil Action: _____

**JURY TRIAL DEMANDED**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Andrew Bohan ("Plaintiff"), by and through his attorneys, brings this action individually and on behalf of all other persons similarly situated against Draeger, Inc. d/b/a Draeger Medical Systems, Inc. ("Defendant") and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant has unlawfully failed to pay him and all similarly situated individuals employed in the Finance Department of Defendant ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff is a former employee of Defendant who was employed at the junior accountant level in the Finance Department. During the course of his employment, Plaintiff and Class Plaintiffs regularly worked at least forty-two and one half (42.5) or more hours per week.

3. Defendant has engaged in a long-term scheme of wage abuse against its employees in the Finance Department, habitually deducting thirty (30) minutes of compensable time from each shift worked, regardless of whether Plaintiff and all those similarly situated actually received an uninterrupted, thirty (30) minute break, resulting in unpaid wages and overtime compensation in violation of the FLSA and PMWA.

4. Accordingly, Plaintiff contends that he is owed unpaid wages and overtime compensation which was denied them as a result of Defendant's unlawful pay practices.

5. Plaintiff bring this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

7. The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10. Plaintiff currently resides at 836 Gilly Avenue, Bethlehem, Pennsylvania 18015.

11. Upon information and belief, Defendant Draeger Inc. d/b/a Draeger Medical Systems, Inc. is a for-profit business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business, and is engaged in business, in the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania, with a principal place of business located in the Eastern District of Pennsylvania, and in the Commonwealth of Pennsylvania, at 3135 Quarry Road, Telford, Pennsylvania 18969.

12. Defendant is a "private employer" and covered by the FLSA.

13. Plaintiff has been employed by Defendant during all relevant times hereto until August 2, 2019, and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

14. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. The preceding paragraphs are hereby incorporated by reference as though same were fully set forth at length herein.

16. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

17. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the Finance Department, or in positions with similar job duties who were paid

3

on an hourly basis and were similarly subject to Defendant's unlawful meal break policy, such as accounting staff, who worked for Defendant any point in the three (3) years preceding the date the instant action was initiated (the "Class Plaintiffs").

18. Plaintiff estimates that there are in excess of thirty (30) other similarly situated employees who either are working or worked for Defendant in the Finance Department and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful meal break policy. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

19. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiffs and Class Plaintiffs were similarly denied compensation and/or overtime compensation by Defendant for all hours worked over forty (40) in a week in violation of the provisions of the FLSA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, have impacted Class Plaintiffs in the same fashion.

20. In violation of the FLSA, Defendant also failed to accurately track, record, and report the hours worked by Plaintiff and similarly situated employees. This policy and practice of Defendant is unequivocal evidence of Defendant's willful and improper failure to follow the provisions of the FLSA.

21. In violation of the FLSA, Defendant failed to pay Plaintiff and similarly situated employees for work performed during unpaid meal breaks.

22. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

23. The preceding paragraphs are hereby incorporated by reference as though same were fully set forth at length herein.

24. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rule of Civil Procedure:

> All persons presently or formerly employed by Defendant Draeger Medical Systems, Inc. during the last three (3) years in the Finance Department, or in positions with similar job duties, who were paid on an hourly basis and were subject to Defendant's unpaid meal break policy.

25. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

26. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

 a. Whether Defendant failed to properly compensate Plaintiff and Class Plaintiffs for all hours worked;

 b. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

 c. Whether Plaintiff and the Class worked in excess of 40 hours per week;

5

      d.      Whether Defendant required Plaintiff and the Class to work in excess of forty (40) hours per week;

      e.      Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

      f.      Whether Defendant engaged in a pattern and/or practice of not accurately tracking or recording all hours Plaintiff and the Class worked;

      g.      Whether Defendant has refused to accept Plaintiff and the Class' reports that they were not receiving compensation for work performed during interrupted meal periods;

      h.      Whether Defendant threatened Plaintiff and the Class for reporting and requesting compensation for work performed during unpaid meal periods;

      i.      Whether Defendant failed to provide uninterrupted meal periods as required by Defendant's written policies, practices, and agreements; and

      j.      Whether Defendant failed to compensate Plaintiff and the Class for interrupted meal periods.

27.    Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant employed in the Finance Department who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiffs and the Class in the exact same way.

28.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

29.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

30. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

    a. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

    b. Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

    c. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

31. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and sufficient adjudication of this controversy. The Class is readily identifiable from Defendant's payroll records.

32. A class action is superior over other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Additionally, the

7

amounts at stake for each of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

33. Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue in its flagrantly abusive course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

34. Plaintiff is unaware of any other litigation commenced by Class members involving the same exact issues as this case.

## FACTUAL BACKGROUND

35. The preceding paragraphs are hereby incorporated by reference as though same were fully set forth at length herein.

36. Plaintiff began his employment with Defendant at the junior accountant level in the Finance Department in or around April 2012.

37. Upon information and belief, Defendant employs or has employed in excess of thirty (30) other individuals in the Finance Department that were or are similarly subject to Defendant's unlawful pay practices described herein.

38. Plaintiff routinely worked in excess of forty (40) hours per week. In fact, Plaintiff would routinely work at least forty-two and one half (42.5) hours per week, often working up to about fifty-five (55) hours per week.

39. Upon information and belief, Class Plaintiffs routinely worked in excess of forty (40) hours per week, and would instead routinely work at least forty-two and one half (42.5) hours per week.

40. Despite the fact that Plaintiff and Class Plaintiffs worked in excess of 40 hours per week, Plaintiff and Class Plaintiffs did not receive overtime compensation for all work performed in excess of 40 hours per week.

41. In violation of the provisions of the FLSA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff and Class Plaintiffs.

42. During their scheduled shifts, Plaintiff and Class Plaintiffs, in accordance with Defendant's policies and practices, are supposed to receive an unpaid meal break. Plaintiff and Class Plaintiffs, however, do not receive an uninterrupted thirty (30) minute meal break during every shift worked, and routinely perform work during their meal periods on a daily or near-daily basis. It is Defendant's policy and practice to direct hourly employees to deduct thirty (30) minutes of compensation from each scheduled shift, regardless of whether or not they have received an uninterrupted meal break. This policy and practice is further proof and evidence of Defendant's willful and unlawful practice of not paying Plaintiff and Class Plaintiff for all hours worked and of Defendant's failure to follow the provisions of the FLSA.

43. As a result of the aforementioned policies and practices of Defendant, Plaintiff and Class Plaintiffs are denied, on a daily or near-daily basis, pay, compensation, and/or overtime compensation for, at a minimum, thirty (30) minutes of compensable work performed. Upon information and belief, Defendants had and continues to have an unlawful practice and policy of unlawfully depriving Plaintiff and Class Plaintiffs pay, compensation, and/or overtime compensation for all compensable work performed.

44. For example, during the two weeks of November 26, 2018 through December 9, 2018, Plaintiff worked a total of one hundred and seven and one-half (107.5) hours, but was paid for only one hundred and one and one-half (101.5) hours.

45. The aforementioned policies and practices of Defendant violate the FLSA, and as a result, Plaintiff and Class Plaintiffs have suffered loss of wages, compensation, and/or overtime compensation.

46. Defendant knew or showed reckless disregard in its failure to track and record the hours actually worked by Plaintiff and Class Plaintiffs, and in its failure to properly compensate Plaintiff and Class Plaintiffs for all wages, compensation, and overtime pay, in violation of the FLSA.

47. In fact, Defendant discouraged Plaintiff and Class Plaintiffs from reporting that they did not receive their meal breaks, and/or requesting compensation for compensable work performed during their unpaid meal breaks. Defendant directed Plaintiff and Class Plaintiffs to deduct thirty (30) minutes of compensable work from their schedules whether they were allowed to take the meal break or not.

48. Plaintiff and Class Plaintiffs were/are, within the meaning of the FLSA, non-exempt employees of Defendant.

49. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a work week. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages

50. Defendant failed to maintain accurate records for each employee for hours actually worked, as required by law. See C.F.R. § 516.2(a)(7).

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, et seq.
## FAILURE TO PAY OVERTIME COMPENSATION

51. The preceding paragraphs are hereby incorporated by reference as though same were fully set forth at length herein.

52. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

53. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

54. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs were required to work in excess of forty (40) hours per week. Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of forty (40) hours per week, in violation of the FLSA.

55. Defendant failed to pay Plaintiff and Class Plaintiffs for all hours worked, including for work performed for Defendant during their unpaid meal breaks.

56. The foregoing actions of Defendant violate the FLSA.

57. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

58. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

11

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years, compensated on an hourly basis, who were also subject to Defendant's unlawful pay practices, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid compensation and/or overtime pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff and Class Plaintiffs for compensable hours in excess of (40) forty hours per week and for all hours worked;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333 *et seq.*

59. The preceding paragraphs are hereby incorporated by reference as though same were fully set forth at length herein.

60. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

61. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

62. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

63. As a result of Defendant's unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B. An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esquire
Morgan J. Zucker, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mzucker@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: September 11, 2019

14

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.